UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| STEPHANIE STITH, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:18-cv-00308 |
| KOHL'S DEPARTMENT STORES, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes STEPHANIE STITH ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of KOHL'S DEPARTMENT STORES, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Michigan Collection Practices Act ("MCPA") under M.C.L. § 445.251 *et seq.* for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C § 1391 as Defendant resides in the Eastern District of Wisconsin.

1

## PARTIES

4. Plaintiff is a natural "person," as defined by 47 U.S.C. §153(39).

5. Defendant operates department stores and offers store credit cards to consumers throughout the United States. Defendant is a corporation organized under the laws of the state of Delaware with its principal place of business located at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin. Venue is proper in this Court pursuant to 28 U.S.C § 1391 as Defendant resides in the Eastern District of Wisconsin.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. In early 2015, Plaintiff began receiving calls to her cellular phone, (313) XXX-9941, from Defendant.

9. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 9941. Plaintiff is and has always been financially responsible for the cellular phone and its services.

10. Defendant mainly uses the phone number (903) 593-8790 when placing calls to Plaintiff's cellular phone, but upon belief, it may have used other numbers as well.

11. Upon information and belief, the aforementioned phone number ending in 8790 is regularly utilized by Defendant during its debt collection activities.

12. When Plaintiff answers calls from Defendant, she experiences a noticeable pause, lasting several seconds in length, before being connected with a live representative.

2

13. Upon speaking with Defendant, Plaintiff was informed that it is seeking to collect upon a debt ("subject debt") stemming from a store card containing a line of credit ("Kohl's Card") that Defendant issued to Plaintiff.

14. Plaintiff regularly made payments on the Kohl's Card until she had an accident in May 2014, causing Plaintiff to fall behind on payments, in turn giving rise to the subject debt.

15. Upon speaking with Defendant's representative, Plaintiff informed it of her financial situation and advised that she would attempt to make payment when financially able; however, Defendant ignored this information and continued to attempt to compel payment.

16. Frustrated with Defendant's conduct, Plaintiff demanded that Defendant cease calling her cellular phone.

17. Despite Plaintiff's demands, Defendant continued to place incessant and repeated phone calls to Plaintiff's cellular phone for months.

18. Defendant has also called Plaintiff's cellular phone multiple times during the same day, on numerous occasions, even after Plaintiff demanded that the calls cease.

19. For example, on: February 5, 2015; February 6, 2015; February 9, 2015; February 11, 2015; February 12, 2015; and February 13, 2015, Defendant placed at least two calls to Plaintiff's cellular phone each day.

20. Plaintiff has received not less than 50 phone calls from Defendant after she demanded that the calls stop.

21. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding her rights resulting in costs and expenses.

3

22. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $54.00 to purchase and maintain an application subscription on her cellular phone to block the calls, resulting in pecuniary loss.

23. Defendant's phone calls have caused Plaintiff a great deal of stress and have been very harassing to her.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

27. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The noticeable pause, lasting several seconds in length, which Plaintiff experienced on answered calls from Defendant is instructive that an ATDS was being utilized to generate the phone calls. Similarly, the frequency and nature of Defendant's contacts point to the involvement of an ATDS.

4

28. Defendant violated the TCPA by placing at least 50 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent that Plaintiff *may* have given to Defendant by incurring the subject debt was specifically revoked by her numerous demands that Defendant cease contacting her.

29. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

30. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, STEPHANIE STITH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 445.251(1)(d).

33. Defendant is a "regulated person" as defined by M.C.L. § 445.251(1)(g) as it is a "person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency . . . ."

34. The subject debt is a "claim" or "debt" as defined by M.C.L. § 445.251(1)(a).

### a. Violations of M.C.L. § 445.252(f)(ii)

35. The MCPA, pursuant to M.C.L. § 445.252(f)(ii), prohibits a regulated person from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

36. Defendant violated the MCPA by repeatedly contacting Plaintiff's cellular phone using an automated system absent consent. Through its conduct, Defendant misrepresented that it had the legal ability to contact Plaintiff using an automated system after Plaintiff demanded that Defendant stop calling. As such, Defendant misrepresented its legal rights, as well as Plaintiff's legal rights, by continuing to contact Plaintiff's cellular phone absent the lawful ability to do so.

### b. Violations of M.C.L. § 445.252(n)

37. The MCPA, pursuant to M.C.L. § 445.252(n), prohibits a regulated person from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversations repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor."

38. Defendant violated the MCPA when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff at least 50 times after she demanded that it stop. Additionally, Defendant placed multiple phone calls to Plaintiff's cellular phone on the same day on numerous occasions. This repeated behavior of systematically calling Plaintiff's phone in spite of her

demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

39. Defendant was notified by Plaintiff that its calls were not welcomed and were therefore inconvenient. As such, Defendant contacted Plaintiff at times and places which were known to be inconvenient to her.

### c. Violations of M.C.L. § 445.252(q)

40. The MCPA, pursuant to M.C.L. § 445.252(q), subjects regulated persons to liability for "[f]ailing to implement a procedure designed to prevent a violation by an employee."

41. Defendant violated the MCPA by failing to adequately have procedures in place designed to prevent a violation by its employee. Plaintiff informed Defendant that its calls were inconvenient and harassing and demanded that they stop. Nevertheless, the calls continued at an incessant rate. Such conduct demonstrates the lack of any procedures in place by Defendant wherein its employees would cease calling after becoming aware that its calls were pervasively unwelcome and inconvenient. As such, Defendant has failed to implement a procedure designed to prevent its employees from engaging in harassing, oppressive, or abusive methods in connection with its collection of debts.

42. Defendant's violations of the MCPA were willful. Defendant was notified by Plaintiff that she did not wish to receive any more phone calls. Yet, Plaintiff was still continuously bombarded with collection phone calls from Defendant. In a willful manner, Defendant called Plaintiff repeatedly and continuously notwithstanding her demands. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Michigan, further demonstrating its willful failure to implement adequate procedures designed to prevent violations of the MCPA.

7

Case 2:18-cv-00308-NJ   Filed 02/28/18   Page 7 of 8   Document 1

WHEREFORE, Plaintiff, STEPHANIE STITH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 445.257(1).

c. Awarding Plaintiff actual damages, or three times actual damages, pursuant to M.C.L. § 445.257(2).

d. Awarding statutory damages of at least $50.00 and treble damages, pursuant to M.C.L. § 445.257(2).

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 445.257(2).

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 28, 2018                    Respectfully submitted,

s/ Nathan C. Volheim                         s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103             Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                        Counsel for Plaintiff
Admitted in the Eastern District of Wisconsin   Admitted in the Eastern District of Wisconsin
Sulaiman Law Group, Ltd.                     Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200          2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                      Lombard, Illinois 60148
(630) 568-3056 (phone)                       (630) 581-5858 (phone)
(630) 575-8188 (fax)                         (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                     thatz@sulaimanlaw.com